### Adams v. Elkhorn Coal Corporaton.

(Decided June 5, 1923.)

### Appeal from Magoffin County.

1. Mines and Minerals—Statement Grantor Reserves Interest in
   Oil Does Not Change Conveyances to Lease.—In an instrument
   which was in form an absolute conveyance of the oil and gas
   and other minerals within the described tract, a statement that
   the grantor reserves one-eighth of the oil and was to have $100.00
   for each gas well does not show the parties intended merely an
   oil and gas lease, even though the word "reserves" was advisedly

used and expressed the purpose of the parties, since it merely created an exception to the property conveyed.

2. Mines and Minerals—Recital in Deed that there was a Lease on the Premises Does Not Change Conveyance Into Lease.—A recital, in a deed conveying the oil and gas and other minerals upon the described premises, that it was "understood there is an oil and gas lease on the land," does not show that the parties were referring to that instrument as a lease, but it may have referred to another lease upon the land, and therefore it is insufficient to show that the conveyance was intended only as a lease.

3. Mines and Minerals—Owner of Minerals Severed from Surface Does Not Lose Rights by Non-User.—Where there has been an absolute conveyance of seven-eighths of the oil and all the minerals in a tract of land, with a stipulation the grantee should have an unlimited time in which to commence the enjoyment of the property rights conveyed, there was a severance of the mineral estate from the surface estate, and in that event the owner of the minerals does not lose his right nor his possession by any length of non-user.

W. R. PRATER for appellant.

O'REAR & FOWLER, E. W. PENDLETON and WM. L. WALLACE for appellee.

Opinion of the Court by Judge Moorman—Affirming.

The only question involved on this appeal is whether an instrument executed January 4, 1904, by A. J. Hamilton and his wife, Phoeba Ellen Hamilton, and delivered to the Northern Coal and Coke Company, predecessor of appellee, is an absolute conveyance of seven-eighths of the oil in the tract of land described in the petition or is merely a lease of the gas and oil rights therein on a royalty basis.

On the face of the instrument it purports to be a deed of conveyance. It recites that in consideration of the sum of $202.80 due under a title bond, the receipt of which is acknowledged, and the further consideration of $5.00, all the coal, mineral substance and products, oil, gases and mineral ores, with the exclusive right to use the surface for the construction of tram roads and pipe lines in taking out the minerals, are conveyed to the Northern Coal and Coke Company. It, however, reserves to the grantors the free use of the land for agricultural purposes, so far as such use may be consistent with the rights granted and conveyed, and the right to mine and use coal for the grantors' personal uses. Just

preceding the habendum clause it provides: "It is understood that there is an oil and gas lease on this land and grantor reserves 1/8 of the oil in or under said land, and he is to have $100.00 for each gas well when used off of said premises."

Appellant contends that the clause just quoted shows that the instrument is in fact a lease and not a deed, and, as the grantee and its successor have never drilled for gas or oil on the premises, they have abandoned their rights under the instrument.   To sustain this contention reference is made to the use of the word "reserves" and to the recitation "there is an oil and gas lease on this land." Whether the word "reserves" was used advisedly and is expressive of the purpose of the parties does not seem to us to affect the question, but if it may be regarded as pertinent its meaning must be determined from the instrument as a whole.   Considering it from that standpoint, and especially in the light of the unqualified terms of the conveyance, it is our opinion that it was used in the sense of "excepts," and that the reservation of one-eighth of the oil must be treated as an exception not included within the grant.

Nor can the recitation "there is an oil and gas lease on this land" change a deed, regular on its face, to a lease, and particularly is that so in view of the fact that there is no statement to the effect that the instrument itself is a lease, but merely a recitation that there is an oil and gas lease on the land.   It is conceivable that there was an oil and gas lease on the land at the time the conveyance was made, and that the grantee in this instrument was not the holder of that lease.   But whether that be true or not, this instrument purports to convey the absolute title to seven-eighths of the oil and all the minerals in the land, and furthermore, provides that the "party of the second part, its successors and assigns, to have unlimited time in which to be sold, and shall not be limited to commence the exercise or enjoyment of all or any of said property rights and privileges at any particular or reasonable time; and when so commenced shall not be deemed to have abandoned nor forfeited the same, nor any part thereof, by a or any cessation thereof, or any part thereof."

Thus it appears that there was an absolute conveyance of seven-eighths of the oil and all of the minerals,

with a stipulation that the grantee should have an un-limited time in which to commence the enjoyment of the property rights conveyed. It is true that the owner of an estate may convey the minerals upon condition that the vendee extract them by a specified time, but that is not the case here. It is likewise settled that there may be, as in this case, a severance of the mineral estate from the surface estate, in which event the owner of the minerals will not lose his right nor his possession by any length of non-user. 18 R. C. L., page 1178. The parties to this contract were competent to contract. The consideration paid the grantors was substantial. They conveyed the absolute title to seven-eighths of the oil and all the minerals, and also conveyed the gas with the understanding that they should be paid $100.00 "for each gas well when used off of said premises." They gave the grantee unlimited time for exercising its rights to remove these products. That having been done, lapse of time cannot convert the grantee's fee into a leasehold right, nor operate to defeat its title. The trial court was therefore correct in dismissing appellant's counterclaim and quieting the title of appellee to the minerals in dispute. The judgment is affirmed.